Antonio **RODRIGUES–FERREIRA,** Petitioner,

v.

Peter D. **KEISLER,*** Acting Attorney General, Respondent.

No. 06–72395.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Sept. 28, 2007.

Theresa S. Granados, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Audrey B. Hemesath, Esq., San Francisco, CA, Office of the U.S. Attorney, Sacramento, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, TASHIMA and RAWLINSON, Circuit Judges.

### MEMORANDUM ***

Antonio Rodrigues–Ferreira, a native and citizen of Brazil, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the BIA's finding that Rodrigues–Ferreira did not establish past persecution on the basis of threats made against him by a drug dealer. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). Rodrigues–Ferreira's asylum claim also fails because any harm he fears is connected to a personal matter and not a protected ground. *See Molina–Morales v. INS,* 237 F.3d 1048, 1051–1052 (9th Cir.2001). Accordingly, we deny Rodrigues–Ferreira's asylum claim.

Because Rodrigues–Ferreira failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

Rodrigues–Ferreira failed to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to Brazil. *See Kamalthas v. INS,* 251 F.3d 1279, 1283–84 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

